**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 15 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OSCAR RECINOS AGUILAR,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No.    19-71407<br><br>Agency No. A200-107-824<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 2, 2020[**]

Before:    WALLACE, CLIFTON, and BRESS, Circuit Judges.
Memorandum by Judges WALLACE and CLIFTON, Partial Concurrence and
Partial Dissent by Judge BRESS

   Oscar Recinos Aguilar, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for

withholding of removal and relief under the Convention Against Torture ("CAT").

---

   [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

   [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252.  We review de novo the legal question of whether a particular social group is cognizable, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations.  *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020).  We review factual findings for substantial evidence.  *Id*. at 1241.  We review de novo claims of due process violations in immigration proceedings.  *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014).  We deny in part and grant in part the petition for review, and we remand.

The BIA did not err in concluding that Aguilar failed to establish membership in a cognizable particular social group.  *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))).  Substantial evidence supports the BIA's determination that Aguilar otherwise failed to establish that the harm he experienced or fears in El Salvador was or would be on account of a protected ground.  *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"); *Santos-*

2

*Lemus v. Mukasey*, 542 F.3d 738, 746-47 (9th Cir. 2008) (resistance to a gang's recruitment efforts alone does not constitute political opinion) *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013).

To the extent Aguilar contends that the IJ and BIA failed to consider evidence or otherwise erred in their analyses of his cognizability and nexus claims, those contentions fail as unsupported by the record. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (BIA need not write an exegesis on every contention); *Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006) (petitioner did not overcome the presumption that the BIA reviewed the record).

In light of this disposition, we need not reach Aguilar's contentions as to relocation and whether the Salvadoran government was and will be unable or unwilling to control those he fears. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach." (internal citation and quotation marks omitted)).

Thus, Aguilar's withholding of removal claim fails.

As to relief under CAT, it appears the BIA misstated Aguilar's testimony as to the circumstances of his two reports to the police, and thereby failed to consider all relevant evidence as to government acquiescence. *Parada v. Sessions*, 902 F.3d 901, 915-16 (9th Cir. 2018) (remanding where "the agency erred by failing to

consider all relevant evidence" as to CAT relief); *Cole v. Holder*, 659 F.3d 762, 771-72 (9th Cir. 2011) (indications of the BIA's failure to properly consider all of the relevant evidence "include misstating the record").  Specifically, the BIA's findings that Aguilar "was not able to provide any names or descriptions or any other identifying or particular information regarding both incidents" and that this "precluded the police from doing much about the crimes" are contrary to the record of testimony.  Apart from this finding, it is unclear whether the BIA considered all evidence relevant to the probability of future torture.  *See Barajas-Romero v. Lynch*, 846 F.3d 351, 364 (9th Cir. 2017) ("all evidence bearing on the likelihood of future torture should be considered, including but not limited to past torture, possibility of safe relocation, country evidence of flagrant human rights violations, and other evidence regarding country conditions" (internal citation and quotation marks omitted)); *see also Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005) (BIA must provide a reasoned explanation for its actions).  Thus, we grant the petition for review and remand Aguilar's CAT claim to the BIA for further proceedings consistent with this disposition.  *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

The parties shall bear their own costs on appeal.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**

4

Aguilar v. Barr, No. 19-71407

BRESS, Circuit Judge, concurring in part and dissenting in part:

I concur in the denial of the petition as to the withholding of removal claim. However, I would have denied the petition as to the CAT claim as well.